IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff, 　　　　)<br>　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>Larry Norwood,　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　　　Defendant. 　　　)| **ORDER DENYING DEFENDANT'S**<br>**MOTION TO WITHDRAW**<br>**PLEA OF GUILTY**<br><br><br>Case No. 1:18-cr-062 |

Before the Court is the Defendant's motion to withdraw his plea of guilty filed on July 15, 2020. See Doc. No. 99. The Government filed a response in opposition to the motion on July 29, 2020. See Doc. No. 102. For the reasons set forth below, the motion is denied.

On April 4, 2018, the Defendant was indicted on two counts of sex trafficking by force or coercion, in violation of 18 U.S.C. §§ 1591(a) and 1591(b)(1); one count of transportation for illegal sexual activity, in violation of 18 U.S.C. §§ 2421(a) and 2; one count of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846; one count of distribution of a controlled substance, in violation of 18 U.S.C. §§ 21 U.S.C. 841(a)(1) and 841(b)(1)(B); and one count of possession with intent to distribute a controlled substance, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). See Doc. No. 2. On September 18, 2019, a superseding indictment was returned by the grand jury that charged additional counts, including one count of conspiracy to violate 18 U.S.C. § 1952(a)(3) (interstate travel and transportation to promote, manage and carry on a business enterprise involving prostitution), in violation of 18 U.S.C. § 371; two additional counts of sex trafficking by force or coercion and two additional counts of transportation for illegal sexual activity. See Doc. No. 59.

1

On November 25, 2019, the Defendant signed a plea agreement wherein he agreed to plead guilty to one count of sex trafficking by force or coercion. See Doc. No. 75. The plea agreement limited the Government to a sentencing recommendation of no more than twenty years imprisonment. The charge carries a mandatory minimum sentence of 15 years imprisonment and a maximum sentence of life. On December 2, 2019, the Defendant pled guilty. See Doc. No. 78.

A Presentence Investigation Report ("PSR") was ordered by the Court. The parties were provided a draft copy of the PSR on February 7, 2020. See Doc. No. 103-1. On February 28, 2020, the Defendant filed a *pro se* motion to substitute counsel and a motion to withdraw his guilty plea. See Doc. No. 82. On the same day, the Court denied the motion to withdraw his guilty plea finding it was not obligated to consider *pro se* motions from a Defendant represented by counsel. See Doc. No. 83. The PSR was filed with the Court on March 3, 2020. See Doc No. 84. On March 4, 2020, the Court held an *ex parte* hearing on the motion for substitute counsel. On April 3, 2020, the Court granted the motion for substitution of counsel. See Doc. No. 89.

On July 15, 2020, the Defendant, though counsel, filed a motion to withdraw his guilty plea wherein he alleges he is innocent and prior defense counsel coerced him to withdraw his plead guilty. See Doc. No. 99. The Defendant's specific claims and arguments are set forth in a four-page affidavit filed along with the motion. See Doc. No. 99-1. On July 29, 2020, the Government filed a response in opposition to the motion. See Doc. No. 103.

Rule 11(b)(1) of the Federal Rules of Criminal Procedure provides "before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath . . . ." As a general rule of statutory construction, "may" is permissive, whereas "shall" is mandatory. LeMay v. U.S. Postal Service, 450 F.3d 797, 799 (8th Cir. 2006). In *United States v. Sampson*,

the district court denied a motion to withdraw guilty plea where defendant contended his plea was coerced, that he was actually innocent, and that he only pled guilty to obtain a plea agreement.  606 F.3d 505, 508 (8th Cir. 2010).  The district court rejected those arguments concluding that defendant's assertions were in direct contradiction to his testimony offered in support of his guilty plea.  Id.  The Eighth Circuit Court of Appeals affirmed.  Id. at 508-09.

"A guilty plea may be withdrawn before sentencing if the defendant demonstrates a 'fair and just reason' for the withdrawal."  United States v. Mugan, 441 F.3d 622, 630 (8th Cir. 2006) (citing Fed. R. Crim. P. 11(d)(2)(B)).  While the standard is liberal, the defendant has no automatic right to withdraw a plea.  United States v. Buck, 661 F.3d 364, 370 (8th Cir. 2011). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise."  Id. at 371.  A district court may consider whether the defendant asserts innocence to the charges, the amount of time between the guilty plea and the motion to withdraw, and whether the withdrawal would prejudice the government.  United States v. Teeter, 561 F.3d 768, 770 (8th Cir. 2009).  However, a district court need not address the remaining considerations if the defendant fails to show a fair and just reason for withdrawing his plea.  Id.

At the change of plea hearing on December 2, 2019, the following colloquy occurred:

> THE COURT: So did you review the Plea Agreement with Mr. Vickers before you signed it?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: And did he give you an opportunity to ask questions about that Plea Agreement and what it meant for you?
>
> THE DEFENDANT: Yes, he did.
>
> THE COURT: Did you read the Plea Agreement before you signed it?

  THE DEFENDANT: Yes, I read it, and I read it with my lawyer.

  THE COURT: And you're able to read and understand English well?

  THE DEFENDANT: Yes, Sir.

See Doc. No. 92, p. 31.

  THE COURT: And you understand what you've been charged with in Count 3 of the Superseding Indictment, correct?

  THE DEFENDANT: Yes, sir.

See Doc. No. 92, p. 38.

  THE COURT: And you're accepting that the summary of what happened, as outlined in paragraph 6 of the Plea Agreement, is accurate information.

  THE DEFENDANT: Yes, sir.

  THE COURT: All right. So let's talk about paragraph 7. That paragraph summarizes what the maximum penalties are for this offense. The crime is called sex trafficking by force or coercion. It's a felony, and felony convictions remain on your record forever.

\*\*\*

  THE COURT: And this particular crime, as determined by Congress, carries a 15-year, 180-month mandatory minimum sentence, understood?

  THE DEFENDANT: Yes, sir.

See Doc. No. 92, pp. 40-41.

  THE COURT: Do you believe that anyone has forced you or threatened you or intimidated you or coerced you to come in here this morning to plead guilty?

  THE DEFENDANT: I feel that it was -- there's no luck.

  THE COURT: Pardon?

  THE DEFENDANT: I feel that there was no luck on my side.

  THE COURT: No luck?

>THE DEFENDANT: Yeah, no -- no luck as far as winning on my side, Your Honor, because --
>
>THE COURT: Okay. But, I mean, has anybody -- you're a 28-year-old sophisticated, articulate guy. Has somebody -- do you feel somebody has threatened you and forced you to come in here this morning to plead guilty?
>
>THE DEFENDANT: No, nobody threaten me. It's just me over talking with my lawyer. It just -- and what's going on in this case.

See Doc. No. 92, p. 45.

>THE COURT: . . . . . let's give you a few examples. If you're a Criminal History Category IV, the guideline range is 188 to 235 months. If you're a Criminal History Category V, it bumps up to 210 to 262 months. If you're a Criminal History Category VI, it ramps up another months -- several months to 235 to 293 months. Do you understand that?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: And there is this 180-month mandatory minimum. And the government in the Plea Agreement has said that -- in paragraph 17, in the middle of page 6, that they're going to recommend a sentence that's no greater than 20 years incarceration and will dismiss the other counts of the Indictment.
>
>And your attorney, Mr. Vickers, has reserved the right to argue for whatever he believes is a reasonable, appropriate sentence, but he cannot argue for anything less than 180 months because that is the mandatory minimum. Do you understand?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: And 180 months is 15 years, so that's the range that we're talking about in this case, 15 years to -- the government has committed itself to no more than 20 years. Is that what your understanding is?
>
>THE DEFENDANT: Yes, sir.

See Doc. No. 92, pp. 49-50.

>THE COURT: . . . . . I guess, Mr. Norwood, at the end of the day, the decision is yours whether you plead guilty or not. If you don't want to plead guilty, then don't plead guilty, and we'll go to trial in January. I mean, that's -- it doesn't matter to me. I try cases all the time.

5

>       And I don't -- you know, I don't decide the outcome of those cases. We leave it in the hands of 12 juries -- jurors. But, you know, you've got to decide what you want to do here today. If you don't want to plead guilty, I'm not going to hold that against you, and we'll go to trial in January.
>
>       THE DEFENDANT: Your Honor, I understand you and everything you saying. I understand you to the
> tee.
>
>       THE COURT: Okay.

See Doc. No. 92, p. 58.

>       THE COURT: Well, I take guilty pleas from people that are, indeed, guilty of what they've been charged with, and I don't take Alford pleas from people. I don't take pleas from people that say, "Well, Judge, I am -- I'm innocent, but there's so much evidence against me that I feel I've got to plead guilty." I don't take guilty pleas from people that tell me that.

See Doc. No. 92, pp. 60-61.

After the Defendant initially expressed some reservations about pleading guilty, a lengthy recess was taken so he could confer with defense counsel. After the recess, the following colloquy took place, and the Defendant pled guilty.

>       MS. DEITZ: Your Honor, there's just some concerns with regard to ensuring the factual basis based upon Mr. Norwood's comments on the record prior to our -- our breaking, so we just want to make sure we have a sufficient factual basis for purposes of appeal, preserving the record, things of that nature.
>
>       Your Honor, the information that we have and that we would present at trial would be that the defendant met Joy Galliher in 2014, at which time she was participating in commercial sex acts at the direction of another individual. Ms. Galliher and the defendant began dating shortly thereafter in 2014, and at the defendant's instruction, Joy began engaging in commercial sex acts.
>
>       They then traveled to North Dakota. I believe it was in February of 2016. Ms. Galliher did come initially on her own at first, but then did travel together with Mr. Norwood in February of 2016, where Ms. Galliher continued to engage in commercial sex acts, and the proceeds of such were turned over to the defendant, at the defendant's instruction. And again, the hotels are what gets us to the interstate commerce.
>
>       THE COURT: Mr. Vickers, anything you want to add to that?

6

>        MR. VICKERS:  Your Honor, I don't have anything to add to the facts.  I think that Mr. Norwood -- we did meet and have a conversation.  As he -- as he indicated to the Court, he still wants to plead guilty, and he is, I think, prepared to admit to the summary that the government has given, and he wants to go forward with this plea.
>
>        THE COURT:  So, Mr. Norwood, you heard what Ms. Deitz just had to state on the record here, correct?
>
>        THE DEFENDANT:  Yes, Your Honor, I heard.
>
>        THE COURT:  And do you agree that her recitation is an accurate summary of the facts?
>
>        THE DEFENDANT:  Yes, Your Honor.

See Doc. No. 92, pp. 64-65.

>        THE COURT:  All right.  So you've been charged in Count 3 of the Superseding Indictment with a crime that's entitled sex trafficking by force or coercion.  To that charge that we've been discussing here this morning, how do you wish to plead, Mr. Norwood, guilty or not guilty?
>
>        THE DEFENDANT:  Guilty, Your Honor.
>
>        THE COURT:  Pardon?
>
>        THE DEFENDANT:  Guilty.
>
>        THE COURT:  The Court accepts your plea of guilty to Count 3.  I find, Mr. Norwood, that you are a competent gentleman who understands what he's been charged with in federal court.  I find that you have a clear understanding of what the consequences are for pleading guilty to this offense and what the maximum penalties are.
>
>        I find that you've entered a knowing and voluntary plea, with the assistance of your attorney.  I find that there's a sufficient factual basis, as set forth in paragraph 6 of the Plea Agreement, that you've acknowledged, and that you've also acknowledged sufficient facts that were outlined by Ms. Deitz here on the record as to a basis for this plea.  So in accordance with Rule 11 of the Federal Rules of Criminal Procedure, I accept your plea here this afternoon.

See Doc. No. 92, pp. 66-67.

As these passages reveal, the Court specifically found at the change of plea hearing that the Defendant was competent; that he clearly and fully understood the charges against him; he had the assistance of competent defense counsel; and he entered a knowing and voluntary plea of guilty to the charge.  The change of plea hearing was conducted in full compliance with Rule 11 of the Federal Rules of Criminal Procedure.  The Defendant agreed with the factual statements contained in the plea agreement and the prosecutor's factual basis statement.  The plea agreement provided a substantial benefit to the Defendant.  Nothing in the record supports the Defendant's claim of actual innocence other than his self-serving affidavit.  The victim impact statements and the PSR contradict any claim of innocence.  The Court finds that the Defendant has wholly failed to satisfy the burden of demonstrating a "fair and just reason" for withdrawal of his plea of guilty.

A careful review of the transcript of the change of plea hearing reveals no valid reason to allow the Defendant to withdraw his guilty plea.  For the reasons set forth above, the Defendant's motion to withdraw his plea (Doc. No. 99) is **DENIED**.  The motion for hearing (Doc. No. 102) is also **DENIED**.

**IT IS SO ORDERED.**

Dated this 21st day of September, 2020.

> */s/  Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court