# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER GRANTING MOTION TO** |
| Plaintiff, ) | **RELEASE FUNDS FROM INMATE** |
| ) | **TRUST ACCOUNT** |
| vs. ) | |
| ) | |
| Larry Norwood, ) | Case No. 1:18-cr-62 |
| ) | |
| Defendant. ) | |

Before the Court is the Government's motion seeking an order authorizing the Bureau of Prisons ("BOP") to release funds in the Defendant's inmate trust account filed on July 2, 2021. See Doc. No. 137. The Defendant did not respond to the motion.

On October 29, 2020, the Defendant was sentenced to 235 months of imprisonment for sex trafficking by force or coercion. See Doc. No. 118. The Court also imposed a special assessment in the amount of $100.00 and, on February 24, 2021, imposed restitution in the amount of $191,300.00. To date, the Defendant has paid $25.00 toward his criminal monetary penalties and has an outstanding balance due of $191,375.00. According to the Government, the Defendant maintains approximately $11,500.17 in his inmate trust account. The Government suggests the Defendant be allowed to retain $75 in his inmate trust account to make telephone calls.

The Government filed its motion for release funds on July 2, 2021. See Doc. No. 137. Norwood did not respond to the motion. However, on July 30, 2021, the Court received a letter from Rashanna A. Dupre wherein she stated she provided Norwood with $11,500.00 so that he could retain an attorney. See Doc. No. 138. The Government asked for additional time to investigate her assertions which the Court granted. See Doc. No. 142. Dupre filed another letter on August 18,

1

2021, in which she requested the funds be returned to her. See Doc. No. 143. The Government filed a response to Dupre's letters on October 5, 2021. See Doc. No. 145.

Having carefully the record in this case and considered the submissions by the Government and Dupre, the Court agrees with the Government that given the requirements of the Mandatory Victims Restitution Act, the only appropriate course of action is to order the funds be applied to Norwood's restitution obligation. It is notable that Norwood has not responded to the Government's motion and has not verified any of Dupre's assertions. "A party's failure to serve and file a memorandum or a response within the prescribed time may subject a motion to summary ruling." See D.N.D. Local Civ. R. 7.1(F). While the Court does not doubt Dupre provided the funds to Norwood, Dupre is not a party to this case and the Court has no authority to order Norwood to return the money in question to her. Denial of the Government's motion would leave the funds in Norwood's inmate trust account. The relationship between Norwood and Dupre remains a mystery, although Dupre maintains she is not one of Norwood's sex trafficking victims. Although Dupre contends the funds were intended to be used to retain counsel, it is readily apparent that they were not used for that purpose. Furthermore, Norwood did not return the funds to Dupre after he was sentenced in October 2020 or after his appeal was dismissed in February 2021.

After a careful review of the record, the Court agrees with the Government that it possesses a valid lien over the funds in the Defendant's inmate trust account pursuant to 18 U.S.C. §§ 3613(a) and 3664(n). The Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A, et seq., requires that resources received by a defendant from any source during his term of incarceration be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664(n) provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source,

including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).  Funds in inmate trust accounts do not qualify for exemption from payment of restitution under 18 U.S.C. § 3613(a)(1).  See United States v. Rand, 924 F.3d 140, 144 (5th Cir. 2019) (finding that funds deposited into an inmate's trust account were not among the list of exemptions available to a criminal defendant under § 3613(a)(1)); see also United States v. Brown, No. 4:17-CR-51, 2021 WL 1945855, at *2 (E.D. Mo. May 14, 2021) (holding the receipt of the stimulus checks constitutes a material change of economic circumstances affecting the ability to pay restitution and ordering payment from an inmate trust account).

Accordingly, the Court **GRANTS** the motion (Doc. No. 137) and **ORDERS** the BOP to turn over $11,425.00 from the Defendant's inmate trust account to the Clerk of Court for application toward the criminal monetary penalties imposed in this case.  The Defendant shall retain the balance of his inmate trust account.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2021.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court